IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01671-BNB

ALFREDO BARAJAS MORENO DOC #139185,

      Plaintiff,

v.

WARDEN REED [sic], Trinidad Correctional Facility,
ANGEL MEDINA, Assistant Warden,
DR. WERMERS,
DR. VIGIL, and
"JOHN DOE" 1-50 includes Nursing Staff and Correctional Officers,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Alfredo Barajas Moreno, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Trinidad Correctional Facility.  He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on July 15, 2009.

      The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

1

requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*  Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law.  For the reasons stated below, Mr. Moreno will be directed to file an amended complaint.

Mr. Moreno asserts three claims.  In his first claim, he asserts that proper medical care has not been provided for his inflamed knee.  In his second claim, he asserts that proper medical care has not been provided for his high cholesterol.  In his third claim, he asserts that he has been harassed and that all medical treatment has ceased.  He fails to assert how each named Defendant violated his constitutional rights, however.

Personal participation by the named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.*  Mr. Moreno must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Warden Reed or Assistant Warden Angel Medina, may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Moreno fails to assert how all Defendants personally participated in the

2

alleged constitutional violations.  Therefore, he will be directed to file an Amended

Complaint that clarifies who he is suing and alleges specific facts that demonstrate how

each named defendant personally particiated in the alleged constitutional violations.

The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the

defendant did it; how the defendant's action harmed him . . . ; and, what specific legal

right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

     Mr. Moreno may use fictitious names, such as Jane or John Doe, if he does not

know the real names of the individuals who allegedly violated his rights.  However, if Mr.

Moreno uses fictitious names he must provide sufficient information about each

defendant so that each defendant can be identified for purposes of service.

Accordingly, it is

     ORDERED that Plaintiff, Alfredo Barajas Moreno, file **within thirty (30) days**

**from the date of this order** an amended complaint that complies with the directives in

this order.  It is

     FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and

shall be filed with the Clerk of the Court, United States District Court for the District of

Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105,

Denver, Colorado 80294.  It is

     FURTHER ORDERED that the clerk of the Court mail to Mr. Moreno, together

with a copy of this order, two copies of the following form to be used in submitting the

amended complaint:  Prisoner Complaint.  It is

3

FURTHER ORDERED that, if Mr. Moreno fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 25, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01671-BNB

Alfredo Barajas Moreno
Prisoner No. 139185
Trinidad Correctional Facility
PO Box 2000
Trinidad, CO 81082

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/25/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk